IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

ROSEMARY GRAY                                                                   PLAINTIFF

v.                              CIVIL NO. 11-1026

MICHAEL J. ASTRUE, Commissioner
Social Security Administration                                                  DEFENDANT

**MEMORANDUM OPINION**

Plaintiff, Rosemary Gray, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her claims for a period of disability and disability insurance benefits (DIB) and supplemental security income (SSI) benefits under the provisions of Title II and XVI of the Social Security Act (Act). In this judicial review, the court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. § 405(g).

I.   **Procedural Background:**

Plaintiff protectively filed her current applications for DIB and SSI on May 27, 2008, alleging an inability to work since December 1, 2007, due to arthritis and pain in her knees. (Tr. 125-129, 142). An administrative video hearing was held on December 3, 2009, at which Plaintiff appeared with counsel and testified. (Tr. 11-47).

By written decision dated January 27, 2010, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe. (Tr. 57).

Specifically, the ALJ found Plaintiff had the following severe impairments: degenerative disc disease of the cervical spine; osteoarthritis of both knees; bimalleolar fracture of her right ankle status post open reduction internal fixation; hypertension; and chronic obstructive pulmonary disease. However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 58). The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> perform light work as defined in 20 CFR 404.1567(b) and 416.967(b); however, the claimant should avoid work around excessive chemicals, noise, humidity, dust, fumes, temperature extremeness, vibrations, gases, and other pulmonary irritants.

(Tr. 58). With the help of a vocational expert, the ALJ determined Plaintiff could perform work as an office worker. (Tr. 66).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which denied that request on February 23, 2011. (Tr. 1-4). Subsequently, Plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 5). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 7,8).

**II.     Applicable Law:**

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F.3d

964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. Pearsall v. Massanari, 274 F.3d 1211, 1217 (8th Cir.2001); see also 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A Plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national

AO72A
(Rev. 8/82)

economy given her age, education, and experience. See 20 C.F.R. §§ 404.1520, 416.920. Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of her residual functional capacity. See McCoy v. Schweiker, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C.F.R. §§ 404.1520, 416.920.

**III.   Discussion:**

Of particular concern to the undersigned is the ALJ's RFC determination. RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1). A disability claimant has the burden of establishing his or her RFC. See Masterson v. Barnhart, 363 F.3d 731, 737 (8th Cir.2004). "The ALJ determines a claimant's RFC based on all relevant evidence in the record, including medical records, observations of treating physicians and others, and the claimant's own descriptions of his or her limitations." Eichelberger v. Barnhart, 390 F.3d 584, 591 (8th Cir. 2004); Guilliams v. Barnhart, 393 F.3d 798, 801 (8th Cir. 2005). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." Lauer v. Apfel, 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace." Lewis v. Barnhart, 353 F.3d 642, 646 (8th Cir. 2003).

In the present case, the ALJ found that Plaintiff maintained the RFC to perform light work with some environmental limitations. The medical evidence revealed that on June 2, 2008, Plaintiff sought treatment from Dr. Kenneth Gati for her neck pain that had been present for about one year. (Tr. 197, 257). At that time, Plaintiff also reported experiencing numbness

down into her fingertips, bilaterally. Upon examination, Dr. Gati noted that Plaintiff had decreased range of motion of her neck with pain; that Plaintiff's muscle strength in her upper extremities was 5/5; that Plaintiff's light touch was grossly intact; and that Plaintiff had a positive Tinel's and Phalen's test at her wrists. Dr. Gati also noted Plaintiff had good grip strength. Dr. Gati diagnosed Plaintiff with degenerative disc disease of the cervical spine, and recommended Plaintiff undergo a MRI of her cervical spine, and EMG/Nerve Conduction Studies of her upper extremities. (Tr. 197). The medical evidence revealed that on August 11, 2008, Dr. Alice M. Davidson, a non-examining medical consultant, opined that Plaintiff had limited reaching in that she could only perform overhead work occasionally. (Tr. 229). What is troubling to the undersigned is that the ALJ did not include these reaching limitations in the RFC determination, and also did not include these limitations in the hypothetical proposed to the vocational expert who had opined that Plaintiff, with the above RFC, would be able to perform work as an office worker. According to the Dictionary of Occupational Titles, to perform work as an office worker an individual must be able to frequently reach. See DICOT § 239.567-010 at www.westlaw.com. After reviewing the entire evidence of record, the undersigned does not find substantial evidence to support the ALJ's RFC determination and believes remand is necessary so that the ALJ can more fully and fairly develop the record regarding Plaintiff's physical impairments.

On remand, the ALJ is directed to address interrogatories to the physicians who have evaluated and/or treated Plaintiff, including Dr. Gati, asking the physicians to review Plaintiff's medical records, to complete a RFC assessment regarding Plaintiff's capabilities during the time period in question, and to give the objective basis for their opinions so that an informed decision

AO72A
(Rev. 8/82)

can be made regarding Plaintiff's ability to perform basic work activities on a sustained basis during the relevant time period in question. The ALJ may also order a consultative orthopedic examination, in which, the consultative examiner should be asked to review the medical evidence of record, perform examinations and appropriate testing, for example a MRI of Plaintiff's cervical spine and Nerve Conduction Studies of Plaintiff's upper extremities, to properly diagnosis Plaintiff's condition(s), and complete a medical assessment of Plaintiff's abilities to perform work related activities. See 20 C.F.R. § 404.1517.

With this evidence, the ALJ should then re-evaluate Plaintiff's RFC and specifically list in a hypothetical to a vocational expert any limitations that are indicated in the RFC assessments and supported by the evidence.

IV.     **Conclusion:**

Accordingly, the Court concludes that the ALJ's decision is not supported by substantial evidence, and therefore, the denial of benefits to the Plaintiff should be reversed and this matter should be remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

DATED this 6th day of June, 2012.

/s/ *Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE