IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION


ROSEMARY GRAY                                                    PLAINTIFF


            v.                          CIVIL NO. 11-1026


MICHAEL J. ASTRUE,
Commissioner of the Social Security Administration              DEFENDANT


**O R D E R**

     Plaintiff, Rosemary Gray , appealed the Commissioner's denial of benefits to this Court.

On June 6, 2012, judgment was entered remanding Plaintiff's case to the Commissioner pursuant

to sentence for of 42 U.S.C. § 405(g).  (Doc.  10).  Plaintiff now moves for an award of

$1,377.50 in attorney's fees and costs under 28 U.S.C. § 2412, the Equal Access to Justice Act

(hereinafter "EAJA"), requesting compensation for 9.50 attorney hours of work before the Court

at an hourly rate of $145.00 for work performed in 2011.  (Docs. 11-13).  Defendant filed a

response to Plaintiff's application, stating that he does not oppose an award to Plaintiff in the

amount requested.  (Doc. 14).

     Pursuant to 28 U.S.C. § 2412(d)(1)(A), the Court must award attorney's fees to a

prevailing social security claimant unless the Commissioner's position in denying benefits was

substantially justified.  The burden is on the Commissioner to show substantial justification for

the government's denial of benefits.  Jackson v. Bowen, 807 F.2d 127, 128 (8th Cir. 1986).

Under Shalala v. Schaefer, 509 U.S. 292, 302 (1993), a social security claimant who obtains a

sentence-four judgment reversing the Commissioner's denial of benefits and remanding the case

for further proceedings is a prevailing party.  After reviewing the file, the Court finds that Plaintiff is a prevailing party in this matter.

In determining a reasonable attorney's fee, the Court will in each case consider the following factors:  time and labor required;  the novelty and difficulty of questions involved;  the skill required to handle the problems presented;  the preclusion of employment by the attorney due to acceptance of the case;  the customary fee;  whether the fee is fixed or contingent;  time limitations imposed by the client or the circumstances;  the amount involved and the results obtained;  the attorney's experience, reputation and ability;  the "undesirability" of the case; the nature and length of the professional relationship with the client;  and awards in similar cases. Hensley v. Eckerhart, 461 U.S. 424, 430 (1983).

However, the EAJA is not designed to reimburse without limit.  Pierce v. Underwood, 487 U.S. 552, 573 (1988).  The Court can determine the reasonableness and accuracy of a fee request, even in the absence of an objection by the Commissioner.  Clements v. Astrue, 2009 WL 4508480 (W.D. Ark. Dec. 1, 2009);  see also Decker v. Sullivan, 976 F.2d 456, 459 (8th Cir. 1992) ("Although the issue was not raised on appeal, fairness to the parties requires an accurately calculated attorney's fee award.").

The EAJA further requires an attorney seeking fees to submit "an itemized statement...stating the actual time expended and the rate at which fees and other expenses were computed."  28 U.S.C. § 2412(d)(1)(B).  Attorneys seeking fees under federal fee-shifting statutes such as the EAJA are required to present fee applications with "contemporaneous time records of hours worked and rates claimed, plus a detailed description of the subject matter of

the work." Id.  Where documentation is inadequate, the Court may reduce the award accordingly.  Hensley, 461 U.S. at 433 (1983).

Plaintiff's attorney requests an award under the EAJA at an hourly rate of $145.00 for 9.50 hours of work performed in 2011, which he asserts was devoted to the representation of Plaintiff in this Court. The party seeking attorney fees bears the burden of proving that the claimed fees are reasonable. Id., 461 U.S. at 437.  Attorney's fees may not be awarded in excess of $125.00 per hour-the maximum statutory rate under § 2412(d)(2)(A) - unless the Court finds that an increase in the cost of living or a special factor such as the limited availability of qualified attorneys justifies a higher fee. 28 U.S.C. §2412(d)(2)(A).  The decision to increase the hourly rate is not automatic and remains at the discretion of the district court.  McNulty v. Sullivan, 886 F.2d 1074 (8th Cir. 1989).  In Johnson v. Sullivan, 919 F.2d 503 (8th Cir. 1990), the Court stated that the hourly rate may be increased when there is "uncontested proof of an increase in the cost of living sufficient to justify hourly attorney's fees of more than [the maximum statutory hourly rate]," such as a copy of the Consumer Price Index (CPI).  Plaintiff's counsel submitted a CPI in support of his requested hourly rate.  The Court will therefore award Plaintiff's counsel an hourly rate of $145.00.

We next address the number of hours Plaintiff's counsel claims he spent working on this case.   The Court has reviewed the itemized statement, and finds the amount of 9.50 hours is reasonable.

Based upon the foregoing, the Court finds that Plaintiff should be awarded attorney's fees under the EAJA for: 9.50 attorney hours at a rate of $145.00 per hour for work performed in

-3-

2011,  for a total attorney's fee award of $1,377.50.  This amount should be paid in addition to, and not out of, any past due benefits which Plaintiff may be awarded in the future.

The parties are reminded that the award herein under the EAJA will be taken into account at such time as a reasonable fee is determined pursuant to 42 U.S.C. § 406, in order to prevent double recovery by counsel for the Plaintiff.

DATED this day of 16th day of August 2012.


/s/ Erin L. Setser
HONORABLE ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE

-4-